ANNA MUELLER, Appellant, *v.* THE TENTH AND TWENTY-THIRD
STREET FERRY COMPANY, Respondent.

*Negligence — injury from the plaintiff's foot, being caught between a ferryboat and
the bridge — new matter brought out on cross-examination not conclusive.*

In an action to recover damages for personal injuries, evidence to the effect that
the plaintiff, while walking from a bridge to a ferryboat owned by the
defendant, observed that the boat was a little higher than the bridge ; that,
while she was in the act of stepping upon the boat, the latter moved to and fro,
and that as it did so her foot passed between it and the bridge, where it was
crushed, indicates that the boat was not properly secured to the bridge, and
that there was a space in which it played to and fro as well as rose and fell
with the action of the tide, and is sufficient to warrant a finding that there was
negligence on the part of the defendant's servants in failing to properly secure
the boat to the bridge, and that the plaintiff was free from contributory negli-
gence; such evidence renders a dismissal of the complaint improper.

INGRAHAM, J., dissented.

The fact that an employee of the defendant, called by the plaintiff to describe the
mechanism used by the defendant and other technical matters, testifies on his
cross-examination that, at the time the accident was alleged to have occurred,
the boat was securely fastened to the bridge and did not and could not move,
does not conclude the plaintiff where it appears that such evidence did not
relate to matters brought out upon his direct examination, but was new matter
as to which the defendant made him its own witness.

APPEAL by the plaintiff, Anna Mueller, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of New York on the 21st day of April,
1899, upon the dismissal of the complaint, by direction of the court,
after a trial before the court and a jury at the New York Trial
Term.

*Henry L. Scheuerman*, for the appellant.

*William A. Jenner*, for the respondent.

PATTERSON, J. :

The complaint herein was dismissed at the close of the plaintiff's
proofs. The action was brought to recover damages for injuries
sustained by the plaintiff through the alleged negligence of the
defendant's servants. The accident occurred while the plaintiff was
going from a bridge to a boat belonging to the defendant. She

showed by her own testimony that she entered the ferry house of the defendant at Greenpoint, Long Island, and, having paid her fare, passed through to take the boat to New York. Walking along the bridge she observed, on reaching the boat, that it was a little higher than the bridge, but nothing else. While in the act of stepping from the bridge to the boat, one of her feet was caught and pulled down. " The boat went to and fro. As the boat took this action my left foot came from the boat; my foot had gone in * * * *between the boat and the bridge.*" She sustained some injury to her foot. The testimony of the plaintiff, therefore, in effect indicates that the boat was not properly secured to the bridge, and that there was a space in which it played to and fro as well as rose and fell with the action of the tide. From her statement the inference is to be drawn that as she looked at the boat she observed nothing but the difference in height between it and the bridge, which observing she could regulate her step to meet. It is a rule constantly referred to that in determining the propriety of the dismissal of a complaint we must accept and act upon the inference most favorable to the plaintiff; and here the testimony is sufficient to allow the inference that there was negligence on the part of the defendant's servants in failing properly to secure the boat to the bridge, and the plaintiff's freedom from contributory negligence may also be inferred from her own testimony.

It is claimed, however, that she called as a witness, Daly, who testified that the boat, at the time this accident is said to have occurred, was securely fastened to the bridge, and that it did not and could not move. This raised an issue between the plaintiff and Daly, who testified to those matters on his cross-examination. He was called by the plaintiff for the purpose of giving a description of the mechanism used by the defendant, and as to certain technical matters which it was appropriate for the plaintiff to give in evidence. But what was testified to by this witness in his cross-examination is not to be regarded as conclusive upon the plaintiff. Daly was an adverse witness, for he was in the employ of the defendant. The questions asked on his cross-examination did not relate to his direct examination. He was made the defendant's own witness to prove the defendant's own case under the objection

of the plaintiff's counsel. Doubtless the court could, for purposes of convenience, permit that course to be pursued, but the plaintiff could not be bound by that testimony; nor be precluded from showing or contending that the witness was mistaken. To use the language of FINCH, J., in *People ex rel. Phelps* v. *Oyer & Terminer* (83 N. Y. 459), as to the new matter, the witness became the defendant's witness, and in substance and effect the cross-examination ceased. And so in *Green* v. *Metropolitan St. R. Co.* (42 App. Div. 163) the gripman operating the defendant's car was called by the plaintiff for a particular purpose, but was examined by the defendant as to other matters, and it was held that as to all such other matters he was the witness for the defense and the plaintiff was not concluded by his testimony. The discrepancy in the statements of the plaintiff and the witness Daly should have been submitted to the jury to determine which they would believe.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., RUMSEY and O'BRIEN, JJ., concurred; INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

I am unable to concur in the reversal of this judgment.

The plaintiff, a passenger upon the defendant's ferry, was about to step upon the boat when in some way her foot was crushed. She testified that when she came to the boat she saw that the boat was a little higher; "then I had to step up; and when I put my left foot up the other foot was on the bridge; then I felt that the boat went in and out, and the same moment caught my foot." Subsequently she was asked this question: "Did anything occur with reference to the boat?" to which she answered: "Yes, the boat went to and fro. As the boat took this action my left foot came from the boat. My foot had gone in. * * * Between the boat and the bridge. My foot got smashed; squeezed the big toe. I can't tell how far the boat moved from the bridge. I can't tell what space was left between the bridge and the boat at any time between the moment I put my left foot on the deck and when I withdrew my foot from between the boat and the bridge. My foot was wedged in tight. When my foot was caught I fell down on the boat. When I fell my foot was still

tight, my foot was not released until I fell over on the boat.   I felt it how my foot got free but couldn't say.   The boat went a little farther up and my foot got loose."   On cross-examination she testified that at about this time she saw a wagon go on the boat.   The plaintiff knew when she was about to step upon the boat that it was higher than the bridge.   She must have known, or at least was charged with knowledge of the fact, that the boat was subject to be moved by the action of the water.   She says that she cannot tell how far the boat moved from the dock, and it is quite apparent that her knowledge of the cause of the accident was that the boat moved after she put her foot upon it, and in some way, not explained, her foot was caught between the boat and the dock and she was injured.   There was no evidence to show that the appliances were not in good order and properly managed, or that anything that the defendant or its agents could do to prevent the accident was not done.   There was nothing that was defective, nothing out of order, and the only fact that the jury would have been justified in finding was that in some way, by the movement of the boat, the plaintiff's foot was caught between the boat and the dock and that she was at that time injured.   It seems to me that there was nothing to justify a finding of the defendant's negligence, and for that reason the complaint was properly dismissed.

Judgment reversed, new trial ordered, costs to appellant to abide event.